**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ x
MSR TRUST,

                Plaintiff,

-against-

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER

                Defendant.

------------------------------------ x

FEB 0 9 2022

MEMORANDUM DECISION AND ORDER

21 Civ. 3089 (GBD)(RWL)

GEORGE B. DANIELS, United States District Judge:

Plaintiff MSR Trust ("MSR") filed suit in the Supreme Court of New York on March 8, 2021, against Defendant Nationstar Mortgage ("Nationstar") alleging breach of contract. On April 9, 2021, Nationstar removed the action to federal court on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1). (Notice of Removal, ECF No. 1, at 4-6.) On May 10, 2021 MSR moved to remand the case back to state court for lack of complete diversity. (Motion to Remand, ECF No. 11.) Before the Court is Magistrate Judge Robert W. Lehrburger's September 15, 2021 Report and Recommendation recommending the Court deny Plaintiff's request to remand the case. (R. & R. to the Honorable George B. Daniels (the "Report"), ECF No. 31.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 28.) No objections were filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

### I. FACTUAL BACKGROUND

MSR Trust is an unincorporated statutory trust that services residential mortgage loans. (Complaint, ECF No. 1-1, at ¶¶ 2, 5, 9.) Its trustee is US Bank Trust National Association (the

"Trustee"), whose main office is in Delaware and therefore a citizen of Delaware. (Compl. at ¶ 5.) Trustee has no ownership interest in the Trust and all assets are in the name of the Trust. (Trust Agreement of MSR Trust (the "Trust Agreement"), ECF No. 30, at § 2.07(a).) MSR's ultimate, sole beneficial owner is Natixis S.A. (Natixis"), a French company. (Compl. at ¶ 5.) Defendant Nationstar is a limited liability company whose citizenship is Delaware and Texas.[1] (ECF No. 1 at ¶ 8.)

MSR sued Nationstar on March 5, 2021 in New York state court alleging breaches of two agreements the parties executed in 2014. (Compl. at ¶¶ 10-12, 85-91, 93-100.) On April 9, 2021, Nationstar removed the action to federal court on federal diversity grounds. (ECF No. 1 at ¶ 5.) MSR requested the Court remand the action back to state court for lack of complete diversity because its trustee is a citizen of Delaware. (Mem. of Law in Supp. Of Mot. to Remand (the "Memorandum"), ECF No. 12, at 7-11.)

## II.   LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Diversity Jurisdiction

---

[1] Nationstar's principal place of business is in Texas, and whose members are incorporated under Delaware law.

Congress granted district courts subject matter jurisdiction when the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332 "It is well established that for a case to come within [§ 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990). "[D]iversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all [its] members." *Americold Realty Tr. v. Conagra Foods*, Inc., 577 U.S. 378, 381, 136 S. Ct. 1012, 1015, 194 L. Ed. 2d 71 (2016).

### III. MAGISTRATE JUDGE LEHRBURGER DID NOT ERR IN FINDING COMPLETE DIVERSITY.

There is no clear error in Magistrate Judge Lehrburger's conclusion that MSR's only member is its ultimate beneficial owner, Natixis, a French company, thus maintaining complete diversity. The sole issue is whether a trustee is a "member" of an unincorporated trust. While the Supreme Court has not directly answered this specific question, *Americold* and its two related precedents are the proper basis for determining an unincorporated trust's membership. *See Carden v. Arkoma Associates*, 494 U.S. 185, 186 (1990); *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980). The three precedents make clear that there is a different rule for determining a trust's membership in a suit by or against a trustee compared to a suit by or against a Trust as a distinct legal entity. *Americold*, 577 U.S. at 382-83. Being a "member" of an unincorporated Trust is predicated upon ownership. *Id.* (describing that the Trust's owners are its shareholders because they have "ownership interests" and "appear to be in the same position as shareholders of a joint-stock company…"). Magistrate Judge Lehrburger correctly applied the Trust Agreement,

Delaware law, and the reasoning in *Americold* in determining that Natixis, is "the only entity with ownership interest" in MSR. (Report at 11-4.)

Specifically, Magistrate Judge Lehrburger did not err in finding that the Trustee is not a member. *Americold* made clear that "membership [is likened] to ownership," and the facts demonstrate that "Natixis has full ownership interest in the MSR Trust's property; the Trustee has none."[2] (Report at 16.) Also, MSR sued in its own name "indicating that the Trust's beneficial owner, and not the Trustee, is the true party in interest in the case" given the reasoning in *Americold* distinguishing suits brought by or against trustees. (Report at 17.) Finally, while the Second Circuit did not reach the specific issue of whether a nontraditional Trust's owners can be its only members for citizenship purposes, it indicated that it would also agree with Magistrate Judge Lehrburger's reasoning. *See Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 727 (2d Cir. 2017) (similarly explaining the Supreme Court's reasoning in *Americold*, 577 U.S. at 382-83.) Thus, there is no clear error in Magistrate Judge Lehrburger's Report.

---

[2] The Court also finds that Magistrate Judge Lehrburger did not commit an error in rejecting MSR's argument that its Trustee is a member because of its "significant responsibilities." (Report at 15.) The work performed or responsibilities of a trustee has no bearing on membership.

## IV. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Plaintiff's Motion to Remand, (ECF No. 11), is DENIED. The Clerk of the Court is directed to close Plaintiff's motion, accordingly.

Dated: New York, New York
      February 9, 2022

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge