USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2022

Form as of October 30, 2017

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MSR TRUST

                              Plaintiff(s),

-against-

NATIONSTAR MORTGAGE LLC
d/b/a MR. COOPER

                              Defendant(s).

CIV. NO. 1:21-cv-3089-GBD-RWL

**Joint Electronic Discovery Submission No. 1 and Order**

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Submission and Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

    MSR Trust's claims arise from Nationstar's breach of two mortgage servicing rights purchase and sale agreements by failing to remit a $4 million indemnification holdback and to reimburse MSR Trust for more than $900,000 in payments that it advanced for Defendant.

    Nationstar has asserted contract counterclaims, which are the subject of a motion to dismiss, arising from one of the mortgage servicing rights purchase and sale agreements.

    a. **Estimated amount of Plaintiff(s)' Claims:**

        ☒ Monetary (absolute number or range): $ 4,901,188.95
        ☒ Equitable Relief (if so, specify) _____ Declaration _____
        ☒ Other (if so, specify) _____ fees, costs, and interest _____

    b. **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

        ☒ Monetary (absolute number or range): $ 4,000,000, additional amounts to be determined.
        ☒ Equitable Relief (if so, specify) _____ Declaration _____
        ☒ Other (if so, specify) _____ fees, costs, and interest _____

2. **Competence**. Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **Meet and Confer**. Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

    Date(s) of parties' meet-and-confer conference(s):

    April 29, 2022

**4.** **Unresolved Issues**: The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):

☐ Preservation
☐ Search and Review
☐ Sources of Production
☐ Forms of Production
☐ Identification or Logging of Privileged Material
☐ Inadvertent Production of Privileged Material
☐ Cost Allocation
☐ Other (specify): _____

**5.** **Preservation.**

    **a.** **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc. To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

Since the commencement of litigation, the parties have made good faith efforts to ensure there has been no destruction of ESI or other documents relevant to this litigation, and they have taken the appropriate measures to ensure that all relevant ESI and other documents kept and maintained in the ordinary course of business have been, and will be, preserved.

    **b.** **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

No agreement.

    c.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

        None at this time.

**6.**    **Search and Review.**

    a.    **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:**

        The scope of the search and production will be limited to a search of the relevant documents, email mailbox files, and other related information created and maintained electronically or in paper format, with each party searching their own electronic and hardcopy data sources. The parties will meet and confer to identify reasonable and mutually agreeable search terms, date restrictions, and custodians. The parties may use reasonable techniques to identify relevant documents including analytics and TAR (e.g. email threading, textual near duplicate analysis, conceptual search and clustering, categorization, machine learning, predictive coding, and other similar technologies).

4

b. **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

None at this time.

7. **Production.**

   a. *Source(s) of Electronically Stored Information.* **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

   Plaintiff(s):

   Email, letters, word processing documents, spreadsheets

   Defendant(s):

   Email, letters, word processing documents, spreadsheets

b. **_Limitations on Production._** The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

_____
_____
_____
_____
_____
_____

c. **_Form(s) of Production._** The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):

(1) ESI will be produced as single-page TIFF images, with no less than 300 dpi resolution and be accompanied by an OPT file with document breaks; (2) Microsoft Excel spreadsheets and other ESI that cannot be converted to TIFF format will be produced in native format; (3) parties will produce an ASCII formatted DAT file containing the extracted Metadata for each document; and (4) hard copy Documents will be produced as multi-page, searchable PDFs or black and white Group IV compression, single-page TIFF images at not less than 300 dpi resolution.

d. **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

None at this time.
_____
_____
_____
_____
_____

9993125v.1

**8. Privileged Material.**

    a.    *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

        (1) Individual logging in a privilege log.

        (2) For documents that are redacted, the field REDACTED shall be populated in the Load File and the type of redaction shall be noted in the privilege log.

        (3) The term "Redacted" shall be reflected on the images to indicate where a redaction occurs.

        (4) Metadata shall be withheld for redacted documents, with the fields being blank in the Load File.

    b.    *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

        Inadvertent production shall not constitute waiver of the privilege or protection, provided that the Producing Party, within 7 days of the date of discovery of such inadvertent disclosure, amends the discovery response and notifies the recipient that the privileged or otherwise protected information was inadvertently produced and should have been withheld. Once such notice is provided, the recipient must promptly return or destroy the document(s) and any information derived therefrom.

    c.    **The parties have discussed a 502(d) Order.  Yes __; No __ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

        None at this time.

_____

9. **Cost of Production.**

    a. *Costs:* **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information.  The factors and components underlying these costs are estimated as follows:**

    Plaintiff(s):

    _____
    _____
    _____
    _____
    _____
    _____

    Defendant(s):

    _____
    _____
    _____
    _____
    _____
    _____

    b. *Cost Allocation.* **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

    Parties to bear their own costs
    _____
    _____
    _____
    _____
    _____

    c.    ***Cost Savings.*** **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

        N/A

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

        None at this time.

**10.**    **Other Issues, if any.**

9

9993125v.1

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: MSR Trust                        By: Amy Kline
Party: Nationstar Mortgage LLC          By: Andrew Braunstein
Party: _____             By: _____
Party: _____             By: _____
Party: _____             By: _____
Party: _____             By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on May 18, 2022.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

The parties shall file a status report every 60 days consistent with the scheduling order issued in the case.

Dated: May 4, 2022                      SO ORDERED:

                                        _____
                                        Robert W. Lehrburger
                                        United States Magistrate Judge

10

9993125v.1