**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x

MSR TRUST,

        Plaintiff /Counterclaim-Defendant,

    -against-

NATIONSTAR MORTGAGE LLC *d/b/a* MR. COOPER,

        Defendant/Counterclaim-Plaintiff.

------------------------------------- x

MEMORANDUM DECISION AND ORDER

21 Civ. 3089 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

Plaintiff MSR Trust ("MSR") filed suit in New York state court against Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar"), alleging breach of contract and seeking damages and declaratory relief. The case was removed to federal court, and Nationstar asserted a counterclaim for breach of contract and declaratory judgment. MSR moved to dismiss Nationstar's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Before this Court is Magistrate Judge Robert W. Lehrburger's July 28, 2022 Report and Recommendation that MSR's motion to dismiss be granted with respect to breach of contract claims arising from MSR's alleged failure to indemnify all losses in Categories A–C and E, granted with respect to Nationstar's declaratory judgment counterclaim, and denied with respect to Nationstar's breach of contract claims arising from MSR's alleged failure to indemnify for losses in Category D. (Report and Recommendation to Hon. George B. Daniels (the "Report"), ECF No. 57.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of objections and preclude appellate review. (*Id.* at 30.) No objections were filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. BACKGROUND

MSR filed this action against Nationstar for breach of two contracts in which Nationstar purchased the rights to service certain groups of loans.[1] Nationstar's counterclaims concern only the contract for loans guaranteed by the government-sponsored enterprise Freddie Mac, as opposed to the contract concerning loans guaranteed by Fannie Mae. (*See* Amended Answer and Counterclaim ("Amended Counterclaim" or "AC"), ECF No. 43, ¶¶ 119–71.) For purposes of the motion to dismiss, the Court accepts as true all well-pled factual allegations in Nationstar's Amended Counterclaim and draws all reasonable inferences in favor of Nationstar as the nonmoving party.

### A. The Freddie Mac Agreement

On January 31, 2014, Nationstar agreed to purchase from MSR the right to service and collect payments from servicing residential loans guaranteed by Freddie Mac. (*Id.* ¶ 115–18; *see also* Exhibit A ("Freddie Mac Agreement" or "Agreement"), ECF No. 1-1, at 27–121). Third parties originated these loans, which had been serviced by MSR and subserviced by another third-party servicer prior to Nationstar's purchase of the rights. (AC ¶ 119.) In their Freddie Mac Agreement, MSR provided Nationstar with various representations about the loans and indemnification rights. (*Id.* ¶¶ 119–25; *see generally* Agreement Articles V, VII, XI.)

### B. Indemnification

In §11.01 of the Agreement, MSR agreed to indemnify Nationstar for "any Losses suffered or incurred . . . that result from or arise out of: (a) Any material breach of any representation or warranty by Seller [*i.e.*, MSR]; (b) Any non-fulfillment of any covenant or other obligation of Seller (or Subservicer on Seller's behalf) contained in this Agreement . . . ; (c) Any Prior Servicing

---

[1] The factual and procedural background of this case has been discussed at length in the Report. Except for minor distinctions made in this Decision, this Court appropriately incorporates such background by reference.

2

Errors; and (d) Any Prior Origination Errors." (Agreement § 11.01; *see also* AC ¶ 123.) "Losses" are defined as "[a]ny and all direct, actual and out of-pocket losses, damages, deficiencies, claims, costs, penalties or expenses, including reasonable attorneys' fees and disbursements . . . ." (Agreement § 1.01; *see also* AC ¶ 124.) MSR's indemnification obligations do not extend to losses arising out of or resulting from Nationstar's servicing failures that occur after the Servicing Transfer Date of March 17, 2014. (*See* Agreement § 11.01; AC ¶¶ 125–26.)

The Agreement also contains an "Indemnification Holdback" provision, which states that Nationstar will hold back $4,000,000 of the purchase price from which Nationstar may set off losses arising out of, *inter alia*, MSR's breaches of representations, warranties, or covenants, prior servicing errors, and prior origination errors. (*See* Agreement § 3.01(a)(iv).) Nationstar may exercise its "right of setoff against the Indemnification Holdback" if it provides MSR with written notice for losses covered by the indemnification terms. (*See id.*) The Indemnification Holdback provision requires Nationstar to pay MSR the value of the Indemnification Holdback, less any setoff, four years after the sale date, except for amounts still in dispute. (*See id.*; *see also* AC ¶¶ 131–32.) Notwithstanding these terms, Nationstar alleges that it is entitled to indemnification for all of its losses under the Agreement even if they exceed the $4,000,000 holdback amount, and that section 11.01 of the Agreement does not limit the time in which Nationstar may seek indemnification. (AC ¶¶ 133–34.)

### C. Nationstar's Indemnification and Setoff Demands

In January 2018, Nationstar sent MSR a Notice of Indemnification Claims ("Freddie Mac Letter") for losses over $4,000,000, (AC ¶¶ 135–36), and then sent a Revised Notice of Indemnification Claims ("Revised Freddie Mac Letter," ECF No. 47-1) with updated dollar figures, (AC ¶ 137). The Freddie Mac Letters identified the following five categories of losses

corresponding with purported breaches: claims arising out of advances, where MSR allegedly breached the representations and warranties in Agreement §§ 5.01, 5.03, 5.04, or 5.09 (Category A); claims arising out of mortgage insurance curtailments, where MSR allegedly breached Agreement §§ 5.01, 5.03, 5.04, or 5.05 (Category B); claims arising out of Freddie Mac compensatory fees, where MSR allegedly breached Agreement §§ 5.01 or 5.05 (Category C); claims for which Nationstar had previously provided indemnification notices and for which MSR has not yet indemnified Nationstar, arising out of alleged breaches of Agreement §§ 5.01, 5.04, 5.05, 5.09, and/or 7.04 (Category D); and claims arising from repurchase demands by Freddie Mac, where MSR allegedly breached Agreement §§ 5.01, 5.03, 5.04, 5.05, 5.06, 5.09, or 5.10 (Category E). (*See id.* ¶ 138.)

MSR responded to the Freddie Mac Letters by disputing the indemnification claims and refusing to indemnify Nationstar for its losses. (*See id.* ¶ 147.) Because Nationstar believed that it was entitled to indemnification and that MSR's dispute was not made in good faith, Nationstar retained the $4,000,000 Indemnification Holdback in exercise of its purported setoff right. (*Id.* ¶ 148.)

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When there are no objections to a magistrate judge's report, a district judge reviews the report for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

The standard for a motion to dismiss a counterclaim is the same as for a motion to dismiss a complaint. *See, e.g., Ohr Somayach/Joseph Tanenbaum Educational Center v. Farleigh International Ltd.*, 483 F. Supp. 3d 195, 202 (S.D.N.Y. 2020); *MTV Networks v. Curry*, 867 F. Supp. 202, 203 (S.D.N.Y. 1994). Under Rule 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the pleading must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, a district court "accept[s] all factual claims in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (citation and internal quotation marks omitted). However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, the pleading's "factual allegations must be enough to raise a right to relief above the speculative level, . . . *i.e.*, enough to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks and brackets omitted).

Although a court is generally confined to the facts alleged in the complaint, *see Cortec Industries v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), a court may consider additional materials, including public records, documents attached to the complaint or incorporated therein

by reference, and documents the plaintiff possessed or knew about, and relied upon, in bringing the suit, *see Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013). "[I]f the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint." *Barnum v. Millbrook Care Ltd. Partnership*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994).

## III. THE COUNTERCLAIM IS DISMISSED IN PART BECAUSE IT FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM

Magistrate Judge Lehrburger properly found that in four of the five categories of alleged losses—Categories A, B, C, and E—Nationstar fails to plead sufficient facts to state a claim. With respect to Category D, the Magistrate Judge correctly held that Nationstar's pleadings sufficiently state a claim.

### A. Nationstar's Breach of Contract Counterclaim is Dismissed in Part (Categories A, B, C, and E).

To state a claim for breach of an indemnification provision under New York law, which controls under the Agreement, (*see* Agreement § 12.09), a party must plead sufficient facts that would demonstrate its entitlement to indemnification under a strict reading of the contract, (*see* Report at 14–15 (citing cases)). Courts have dismissed or entered summary judgment on claims for indemnification where the claimant fails to sufficiently allege or establish facts showing that the right to indemnification has been triggered. *See, e.g., Edart Leasing Co., LLC v. Ryder Truck Rental, Inc.*, No. 14-CV-7751, 2015 WL 4524313, at *4 (S.D.N.Y. July 6, 2015), *aff'd*, 646 F. App'x 33 (2d Cir. 2016) (dismissing breach of contract claim arising out of nonpayment of indemnification holdback because plaintiff "ha[d] not alleged that all pending indemnification claims have been resolved" as required by the contract, so its allegations, even if true, "fail[ed] to establish that [defendant] is obligated to make final repayment"); (*see also* Report at 15–16 (citing cases)).

6

Here, even assuming Nationstar properly complied with the notice of indemnification requirements in the Agreement, such notice does not necessarily suffice to assert a claim for breach of MSR's obligation to indemnify. *See, e.g.*, *Maspeth Fed. Sav. & Loan Ass'n v. Fid. Info. Servs., LLC*, 275 F. Supp. 3d 411, 414, 418 (E.D.N.Y. 2017) (dismissing contractual indemnification claim because, even though plaintiff provided written notice of a claim and demand for indemnification, the claimed losses fell outside the scope of the parties' agreements); *Nationstar Mortg., LLC v. Ocwen Loan Servicing, LLC*, 194 A.D.3d 490, 491 (App. Div. 1st Dep't 2021) (affirming dismissal of claim for indemnification even though "Nationstar sent Ocwen a $15 million general demand for indemnification, with an attachment of over 500 pages of spreadsheets purporting to list all losses suffered by Nationstar under the purchase Agreement").

Nationstar's Amended Counterclaim, along with the Freddie Mac Letters, fails to plead sufficient facts establishing its entitlement to indemnification for most of the categories of alleged losses. Nationstar states in a conclusory fashion that five categories of losses arose from MSR's breaches of one or more representations and warranties or covenants. (AC ¶ 138.) However, save for one category, the Amended Counterclaim pleads insufficient facts as to whether losses arose out of MSR's breach of any of the provisions of the Agreement, rather than Nationstar's own conduct. Similarly, the Schedules of loan-specific losses attached to the Freddie Mac Letters fail to provide the necessary facts to substantiate Nationstar's claims. The Schedules list a loan number, amount, and short description of each claimed loss by category, but they provide no information on when each loss allegedly occurred nor identify conduct by MSR that plausibly gave rise to the loss. (*See* Revised Freddie Mac Letter Schedules A–E; *see also* Report at 18–19 (identifying the insufficiency of facts against MSR for loss Categories A–C and E).) Applying the standard for a motion to dismiss, "[t]hreadbare recitals of the elements of [a breach of contract],

7

supported by mere conclusory statements [that MSR breached], do not suffice." *See Iqbal*, 556 U.S. at 678. Nationstar has failed to plead sufficient facts for loss Categories A, B, C, and E to survive MSR's motion to dismiss.

## B. Nationstar Has Sufficiently Pled Its Claim for Indemnification of Open Claims (Category D).

Loss Category D includes loans for which Nationstar previously demanded indemnification and losses for alleged breach of representations regarding, *inter alia*, unrecorded liens, chain of assignment deficiencies, and tax liabilities. (*See* Report at 21; AC ¶¶ 151–53.) While the Freddie Mac Letters and Schedule D suffer from the same factual deficiencies that plague the other categories of losses, additional facts in the Amended Complaint plausibly entitle Nationstar to indemnity. (Report at 21.) For example, Nationstar argues that its losses stemming from unrecorded liens and chain of assignment deficiencies "must [have] necessarily result[ed] from MSR's breach of a representation or warranty, MSR's non-fulfilment of one of its covenants or other obligations, Prior Servicing Errors, or Prior Origination Errors" because MSR, as the originator or prior servicer, bore the responsibility to record Freddie Mac's liens and ensure a proper chain of assignment. (*See id.* (citing AC ¶ 144).) Additionally, Nationstar plausibly alleges that tax liabilities and penalties in loss Category D concern some loans that MSR has expressly contended, to another prior servicer, were loans that incurred tax liability *before* Nationstar acquired the same loans. (*See id.* at 22–23 (citing AC ¶ 147).) Thus, Nationstar's factual allegations under loss Category D are "enough to make the claim[s] plausible" beyond the speculative level, thereby withstanding MSR's motion to dismiss. *See Arista Records*, 604 F.3d at 120.

8

## IV.   THE DECLARATORY JUDGMENT COUNTERCLAIM IS DISMISSED

Finally, Magistrate Judge Lehrburger correctly found that Nationstar's declaratory judgment counterclaim should be dismissed. (*See* Report at 24–30.) In determining whether a declaratory judgment action is warranted, a court considers whether declaratory judgment (1) "will serve a useful purpose in clarifying and settling the legal relations in issue;" or (2) "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734, 737 (2d Cir. 1992).

Here, Nationstar's declaratory judgment counterclaim is impermissibly duplicative of its breach of contract counterclaims. (Report at 25–26.) Nationstar seeks a declaration that MSR is required to indemnify Nationstar for losses under § 11.01 of the Agreement. (*See* AC ¶¶ 164, 171.) Yet, Nationstar also seeks damages for breach of contract to remedy MSR's alleged failure to indemnify it under the same provision. (*See* AC ¶¶ 156–61.) Such a duplicative declaratory judgment would not serve a useful purpose and should thus be dismissed. *See Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006) (dismissing declaratory judgment claim as duplicative where it sought "resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action").

Moreover, the declaration sought by Nationstar would not "afford relief from uncertainty" beyond that provided by the breach of contract claim. *Continental Casualty Co.*, 977 F.2d at 737. Adjudication of the breach of contract claims and counterclaims will resolve the uncertainty over the parties' rights and obligations under the Agreement. (*See* Report at 27–28); *see also Optanix, Inc. v. Alorica Inc.*, No. 20-CV-09660, 2021 WL 2810060, at *4 (S.D.N.Y. July 6, 2021) (dismissing declaratory judgment claim because it "would not clarify

9

any uncertainty in the parties' legal relations that would otherwise remain unresolved as part of the breach of contract claim"). Furthermore, while declaratory judgments can provide relief from uncertainty where they are directed towards *prospective* relief, Nationstar's declaratory judgment claim, to the extent it provides any specificity, is directed toward relief for *past* conduct of MSR. *See Lojan v. Crumbsie*, No. 12-CV-0320, 2013 WL 411356, at *5 (S.D.N.Y. Feb. 1, 2013) ("declaratory judgment is inappropriate when the alleged wrong has already been committed"). Nationstar's counterclaim for declaratory judgment is therefore dismissed.

## V.  CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED in full. MSR's motion to dismiss is GRANTED dismissing breach of contract counterclaims arising from MSR's alleged failure to indemnify all losses in Categories A, B, C, and E, as well as to Nationstar's declaratory judgment counterclaim. The motion is DENIED with respect to Nationstar's claim for breach of contract arising from MSR's alleged failure to indemnify for losses in Category D.

The Clerk of Court is directed to close MSR's motion, (ECF No. 46), accordingly.

Dated: December 15, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE