USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MSR Trust

                              Plaintiff,

            - against -                        Case No. 21-cv-03089-GBD-RWL

Nationstar Mortgage LLC d/b/a Mr. Cooper,

                             Defendant.
------------------------------------------------------------X

## STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged, and the testimony given in connection with the pre-trial phase of this action, by any person subject to this Order, including without limitation the Parties to this action and their respective corporate parents, successors and assigns, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order:

       1.       Any party or non-party producing or disclosing any document or information of any kind in connection with this action (***"Producing Party"***) may designate such document or information, in whole or in part, as "***Confidential***" if the *Producing Party* determines, reasonably and in good faith, that the document or information contains material that is proprietary, a trade secret or otherwise sensitive non-public information. A *Producing Party* may designate a document or information containing Personally Identifiable Information ("***PII***") as "***Highly***

*Confidential – PII*". *Confidential* documents and information and *Highly Confidential – PII* documents and information are referred to, collectively, as **"Confidential Information"**. A *Producing Party* may designate as *Confidential* or *Highly Confidential – PII* only the portion of any such document or information that it in good faith determines constitutes proprietary, trade secret, or sensitive non-public information. Information and documents designated by a *Producing Party* as *Confidential* will be stamped "CONFIDENTIAL." Information and documents designated by a *Producing Party* as *Highly Confidential – PII* will be stamped "HIGHLY CONFIDENTIAL." Electronically-stored information and data, produced in electronic form, may be designated as *Confidential Information* by indicating such designation on the media containing the information and in the method of production (e.g. e-mail, letter, disk, file name/title).

2. A *Producing Party* or its counsel may designate deposition exhibits or portions of deposition transcripts as *Confidential* either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the *Producing Party* or that person's counsel. During the 30-day period following a deposition, all parties and other recipients of the transcript will treat the entire deposition transcript as if it had been designated *Confidential*.

3. If at any time before trial, a *Producing Party* realizes that it should have designated as *Confidential* or *Highly Confidential – PII* some portion(s) of documents or information that it

previously produced without limitation, the *Producing Party* may so designate such material by so apprising all prior recipients in writing. Thereafter, the Court and persons subject to this Order will treat such designated portion(s) as *Confidential Information*.

4. The *Confidential Information* disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Order constitutes an admission by any party that *Confidential Information* disclosed in this case is relevant or admissible, or constitutes a waiver by any party of its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document. Each party reserves the right to object to the use or admissibility of the *Confidential Information*.

6. The parties should meet and confer if any production requires a designation of "HIGHLY CONFIDENTIAL – Outside Counsel Eyes Only – Subject to Protective Order" ("***Highly Confidential – Attorneys' Eyes Only Information***").

7. All documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The receiving party and counsel, including both outside and in-house counsel, and counsel to their insurers, if any;

    b. Current employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

    d.    Current employees, contractors or consultants of the receiving party, regardless of whether they are expected to be called as a witness in this action, if the receiving party deems them necessary to assist in the litigation;

    e.    Outside vendors, stenographers and service providers hired by counsel or the Parties for this matter;

    f.    The Court (including any mediator, arbitrator or other person having access to any *Confidential Information* by virtue of his or her position with the Court or as engaged jointly by the parties) with the requisite redactions of any PII; and

    g.    Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto.

8. Before disclosing or displaying *Confidential Information* to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign a Non-Disclosure Agreement agreeing to be bound by this Order in the form attached as **Exhibit A**. Said counsel must retain each executed Non-Disclosure Agreement, hold it in escrow, and produce it to all other counsel to this action either before such person is permitted to testify at deposition or trial or at the conclusion of the case, whichever comes first.

As to any *Confidential Information* or *Highly Confidential Information* produced by the Federal Home Loan Mortgage Corporation ("Freddie Mac" and "***Freddie Mac Confidential Information***"), in addition to (a) through (c), above, counsel must provide Freddie Mac with a copy of a signed Non-Disclosure Agreement for each person who receives, reviews or learns of *Freddie Mac Confidential Information*.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as *Confidential Information, Highly Confidential,* or *Highly Confidential – Attorneys' Eyes Only Information*. If so designated, the document or information shall thenceforth be treated as *Confidential, Highly Confidential,* or *Highly Confidential – Attorneys' Eyes Only Information* subject to all the terms of this Order.

10. Any PII (*e.g.*, social security numbers, financial account numbers including loan numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Prior to filing any document with the Court, the party that intends to utilize such document shall make every effort to ensure that all PII has been redacted, regardless of whether the document is designated as *Highly Confidential – PII*. The *Producing Party* may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received *PII* experiences a data breach, it shall immediately notify the *Producing Party* of same and cooperate with the *Producing Party* to address and remedy the breach. Nothing herein shall preclude the *Producing Party* from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect *PII* from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("***ESI***") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, *ESI* or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as *Confidential*, *Highly Confidential – PII*, or *Highly Confidential - Outside Counsel Eyes Only – Subject to Protective Order* in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal, and/or for the filing of redacted papers, if applicable.

13. At the conclusion of litigation, all *Confidential Information* and *Highly Confidential – Attorneys' Eyes Only Information* and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the *Producing Party* or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected and subject to the provisions of this Order.

14. Recipients of *Confidential Information* and *Highly Confidential – Attorneys' Eyes Only Information* produced under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation or administrative proceeding except as provided in this Order. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any *Confidential Information* or *Highly Confidential – Attorneys' Eyes Only Information* in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by

any government agency having jurisdiction, provided that such party gives written notice to the *Producing Party* as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the *Producing Party* will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the *Producing Party* deems it appropriate to do so.

16. This Order will survive the termination of this action and will continue to be binding upon all persons to whom *Confidential Information* or *Highly Confidential – Attorneys' Eyes Only Information* is produced or disclosed, and this Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[SIGNATURES ON FOLLOWING PAGE]

| | |
|---|---|
| */s/ Amy S. Kline* | */s/ Andrew M. Braunstein* |
| Amy S. Kline | Joseph N. Froehlich |
| Stephanie L. Denker | Andrew M. Braunstein |
| SAUL EWING LLP | LOCKE LORD LLP |
| 1270 Avenue of the Americas | Brookfield Place |
| Suite 2005 | 200 Vesey Street, 20th Floor |
| New York, NY 10020 | New York, NY 10281 |
| (212) 980-7200 | (212) 415-8600 |
| | |
| *Counsel for Plaintiff MSR Trust* | *Counsel for Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper* |

**SO ORDERED.**

Dated: _____March   10_____, 2023
        New York, New York

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

8

**Exhibit A**

**<u>Agreement</u>**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

      I understand that my willful violation of any term of this Agreement or the corresponding Order of the Court could subject me to punishment for contempt of court.


DATED: _____


_____



Signed in the presence of:



_____

(Attorney)